## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-10119 |
| | ) |
| JAMES CURTIS LOVE, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR EARLY PRODUCTION
## OF DOCUMENTS PURSUANT TO TRIAL SUBPOENA

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Greggory R. Walters, Assistant United States Attorney, moves this court pursuant to Fed. R.Crim.P. 17(c) for an order permitting the early production of the information requested in the attached trial subpoenas in this case, and in support of this motion states:

1. There are currently no hearing dates set in the above-titled action due to the defendant being designated to the U.S. Bureau of Prisons for a psychiatric/psychological evaluation. Consequently, the government cannot issue any trial subpoenas *duces tecum*.

2. The government is seeking certain information from one or more Kodak representatives concerning the camera believed to be used in the production of child pornography offenses for the purpose of establishing interstate nexus issues. It is the government's hope to obtain this information in the form of an affidavit and then to provide a copy of the affidavit to defense counsel to facilitate the parties' entering into certain stipulations should this matter proceed to trial upon the defendant's return from the Bureau of Prisons.

3.Kodak is willing to provide an affidavit to the government, but has requested that it be served with a trial subpoena prior to Kodak preparing the affidavit.

4.Accordingly, by this motion, the government requests leave of this Court to serve on Kodak a copy of the trial subpoena *duces tecum* attached to this motion. The proposed subpoena specifies March 24, 2008, as the return date.

5.The undersigned AUSA has discussed this matter with Karl W. Bryning, counsel for the defendant. Mr. Bryning stated that he has no objections to this motion.

6.A proposed order accompanies this motion.

WHEREFORE, the United States of America respectfully requests this Court grant the motion for early production of documents.

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY


s/:  Greggory R. Walters
Assistant United States Attorney
211 Fulton Street, Suite 400
Peoria, Illinois 61602
Telephone:  309/671-7050

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 4, 2008, I filed the foregoing motion for early return of documents with the Clerk of the Court using the CM/ECF system, which will cause notice and a copy of the motion to be sent to Karl W. Bryning, counsel for the defendant.

                                               s/: Kim Ritthaler
                                               Legal Assistant

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-10119 |
| | ) | |
| JAMES CURTIS LOVE, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court on the government's motion for early production of documents pursuant to trial subpoena. The government has advised the Court that there are no objections to the motion. The motion is GRANTED.

IT IS HEREBY ORDERED that the government shall serve the proposed subpoena *duces tecum* on Esther A. Grabowsky of Kodak.

IT IS FURTHER ORDERED that Kodak shall comply with the subpoena on or before 8:30 a.m. on March 24, 2008. In lieu of appearing before the Court on that date, Kodak may comply with the subpoena by mailing the rested documents to AUSA Greggory R. Walters, One Technology Plaza, 211 Fulton Street, Suite 400, Peoria, Illinois 61602.

ENTERED this _____ day of March, 2008.

_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE

# United States District Court

~~CENTRAL~~ DISTRICT OF ~~ILLINOIS~~

| UNITED STATES OF AMERICA | SUBPOENA IN A |
| V. | CRIMINAL CASE |

JAMES LOVE

CASE NUMBER: 07-10119

TO:

Esther A. Grabowsky
Kodak

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | | COURTROOM |
|---|---|---|
| United States District Courthouse<br>100 N.E. Monroe Street<br>Peoria, Illinois 61602 | Photo ID required.<br>No cell phones allowed. | District Court Judge<br>Michael M. Mihm |
| | | DATE AND TIME<br>Courtroom A<br>March 24, 2008 @ 8:30a.m. |

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

SEE ATTACHMENT

*In lieu of appearing at the date, time, and place indicated, you may comply with this subpoena by mailing the requested documents to AUSA Greggory R. Walters, One Technology Plaza, Suite 400, 211 Fulton St., Peoria, IL 61602

*[Signature: Pamela E. Robinson]*
U.S. MAGISTRATE JUDGE OR CLERK OF COURT

*[Signature: S. Marvel]*
(BY) DEPUTY CLERK

DATE
February 29, 2008

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER
GREGGORY R. WALTERS
Assistant United States Attorney
211 Fulton Street, Suite 400
Peoria, IL 61602, Phone: 309/671-7050

## ATTACHMENT TO TRIAL SUBPOENA

TO:  KODAK
C/O ESTHER A. GRABOWSKY

Please provide an affidavit addressing the following issues:

(1) What, if anything, does the Kodak camera serial number KCKDF417000890 indicate with respect to the manufacturing location of the camera bearing this serial number.

(2) Whether, per Kodak business or manufacturing practice, the box in which the camera bearing the above serial number is packaged for sale to a consumer would have printed on it the camera serial number.

(3) Whether Kodak embeds proprietary information of its digital cameras into the EXIF data of digital images produced by its cameras and, if so, does the EXIF data include the serial number of the camera that produced the image.

(4) Whether the EXIF data embedded in a digital image produced by a Kodak camera is unique to the camera that produced the image. In other words, could two different digital Kodak cameras, bearing two different serial numbers, produce identical EXIF data?