IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-10119 |
| ) | |
| JAMES LOVE, ) | |
| ) | |
| Defendant. ) | |

**MOTION IN LIMINE: TO ADMIT EVIDENCE PURSUANT TO FED. R. EVID. 404(b)**

NOW COMES the United States of America through its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Kirk D. Schoenbein, Assistant United States Attorney, and pursuant to Fed. R. Evid. 404(b) hereby moves this honorable Court to authorize the introduction evidence of uncharged acts of the Defendant in the trial of this cause, and in support thereof states as follows:

1.      That the Defendant is charged herein in Count 1 of the Indictment with the offense of Child Pornography Production in violation of 18 U.S.C. Section 2251(a) wherein the alleged victim is the minor **DV** and the alleged date of offense is April of 2007. That for the purpose of this Motion the Government proffers that the evidence on said count would include testimony that in April of 2007 DV was a 15 year old boy who lived with his single mother and that the Defendant was a mentor and a "godfather" to **DV** since his 7th or 8th grade. That as a mentor, the Defendant regularly bought clothes and shoes for **DV**, took him to activities such as football games and movies and had **DV** spend the night at the Defendant's home located at 1214 S. Barker in Bloomington, Illinois. That on one particular night in April of 2007 **DV** spent the night at the Defendant's house and on this occasion the Defendant gave him pink pills that

1

the Defendant said were vitamins. That during this night **DV** was sleeping on a futon in the Defendant's basement and he woke up to the Defendant trying to turn **DV** over on his back. Whenever **DV** turned away, the Defendant would tell him to stay still and stop turning away. With **DV** on his back, the Defendant then began to touch **DV's** genitals under the covers but on top of **DV's** clothes. During this time **DV** also sensed the Defendant moving on the futon and making rubbing noises and engaging in deep breathing consistent with masturbating. That during the execution of a search warrant of the Defendant's house on May 3, 2007 , Bloomington Police officers recovered a computer and a CD which were subsequently found during forensic analysis to contain digital photographs of **DV** sleeping on the futon in the Defendant's basement with several of the photographs depicting **DV's** under garments moved and his genitals exposed as he was lying on the futon. That these photographs were taken with a Kodak camera with a unique, individual identification number. **DV** has no memory or recollection of these photographs being taken.

    2.      That the Defendant is charged herein in Count 2 of the Indictment with the offense of Child Pornography Production in violation of 18 U.S.C. Section 2251(a) wherein the alleged victim is the minor **JE** and the alleged date of offense is April of 2007. That for the purpose of this Motion the Government proffers that the evidence on said count would include testimony that in April of 2007 **JE** was a 15 year old boy who lived with his single father and that the Defendant had been his basketball coach and was a mentor to him who helped him with his school work. That in the beginning of 2007 the Defendant bought clothes for him and took him to activities such as the movies. That on one particular night in April of 2007 **JE** spent the night at the Defendant's house located at 1214 S. Barker, Bloomington, Illinois and on this occasion **JE** slept on a futon in the Defendant's basement. That **JE** is a deep sleeper and doesn't

remember anything happening to him or ever waking up that night. That during the execution of a search warrant of the Defendant's house on May 3, 2007, Bloomington Police officers recovered a computer and a CD which were subsequently found during forensic analysis to contain digital photographs of **JE** sleeping on the floor next to the futon in the Defendant's basement with several of the photographs depicting **JE** undergarments moved and his genitals exposed as he was sleeping. That these photographs were taken with the same Kodak camera that was used to take the photographs of **DV**. That **JE** has no memory or recollection of these photographs being taken.

3.  That pursuant to Fed. R. Evid. 404(b) the Government is seeking to introduce the following evidence which the Government proffers as follows:

    a.  Testimony that in April of 2007 **KF** was a 14 year old boy whom the Defendant had met while coaching him in basketball when he was 12 years old. That beginning when he was 13 years old, **KF** began spending the night at the Defendant's home at 1214 S. Barker in Bloomington, Illinois and that he eventually moved in with the Defendant for a couple of months. That the Defendant took him bowling and to the movies. That when **KF** spent the night at the Defendant's home he would sleep in his basement. On one occasion the Defendant gave **KF** some pills which the Defendant said were "energy pills". That during the execution of a search warrant of the Defendant's house on May 3, 2007, Bloomington Police officers recovered a computer and a CD which were subsequently found during forensic analysis to contain a digital photograph of **KF's** face and covered body as he was sleeping on the futon in the Defendant's basement and another digital photograph of the covers pulled up exposing **KF's**

       back and buttock area that was covered by his boxer shorts. That these photographs were taken with previously mentioned Kodak camera. That **KF** has no memory or recollection of these photographs being take.

b. Testimony that in the spring of 2007 **EK** was a 12 year old boy whom the Defendant had tutored and mentored and whom he would take skating and to football games. That **EK** met the Defendant at school where the Defendant was a substitute teacher. That on May 2, 2007 **EK** spent the night over at the Defendant's house at 1214 S. Barker in Bloomington, Illinois. That before going to bed **EK** took two pink pills that the Defendant gave him and that the Defendant said were vitamins. That after taking the pills **EK** felt tired. That as **EK** was sleeping on the futon in the Defendant's basement he awoke to the Defendant pulling down **EK's** pants and underwear. **EK** pretended to be asleep because he was afraid. At this time **EK** heard and saw the flash of a camera that the Defendant was using to take pictures of **EK's** exposed butt. **EK** then felt the Defendant rubbing the Defendant's private part on **EK's** butt and that **EK** then felt liquid come out of the Defendant's private part and onto **EK's** butt. That the Defendant then got a rag and wiped the liquid off of **EK** and the Defendant then went upstairs. That in the morning the Defendant took **EK** to school where **EK** called his aunt who was his guardian and he reported the abuse to her. That subsequent forensic analysis of **EK's** undergarments and swabbings from his buttocks were positive for the presence of semen and that the DNA of the semen was determined to match the Defendant's DNA. That no photographs of **EK** were recovered from a search of the Defendant's house. The Kodak camera that

was used to take photographs of **DV**, **JE** and **KF** was never recovered by police during their search of the Defendant's home on May 3, 2007 but the empty camera box with the camera's matching identification number was recovered.

c. Testimony that in April of 2007 **XM** was a 15 year old boy who lived with his single mother and whom the Defendant had coached in football and had been mentoring. That the Defendant had also bought him a bike and shoes and had taken him to a water park in Ohio. That **XM** had spent the night over at the Defendant's house at 1214 S. Barker in Bloomington, Illinois on several occasions and that on some of these occasions the Defendant would give him pink pills that the Defendant said were "energy pills". That the last time **XM** spent the night at the Defendant's house was sometime in April of 2007 and that he slept on the futon in the basement. That on this occasion he woke up to the Defendant sitting on the futon and telling **XM** that he was snoring and that he should sleep on his back. That the Defendant began touching and gripping **XM's** sex organ over the clothes and rubbing his butt. As he was being touched by the Defendant, **XM** was awake but kept his eyes closed to appear to be asleep.

d. Testimony that in April of 2007 **KS** was a 15 year old boy who lived with his single mother and whom the Defendant had coached in basketball and was mentoring. That the Defendant had bought gifts for the **KS** including shoes and clothes and had taken him on trips and to the movies. That on April 27, 2007 **KS** spent the night at the Defendant's house at 1214 S. Barker in Bloomington, Illinois. That before **KS** went to bed the Defendant gave him pink pills that he said were "energy pills". That while **KS** was sleeping on the futon in the

        basement he awoke to the Defendant rubbing him on the stomach and on his sex organ over his clothes. That when **KS** rolled away from the Defendant the Defendant told **KS** to lay on his back because he was snoring.

    e.    That testimony would establish that in April of 2007 **CC** was a 13 year old boy whom the Defendant had coached in football. The Defendant had bought him a bike and a "Play Station II" video game had taken him out to eat and to the movies. That **CC** had spent the night over at the Defendant's house at 1214 S. Barker in Bloomington, Illinois on several occasions around April of 2007. That on one occasion as **CC** was asleep on the futon in the Defendant's basement the Defendant woke him up and told him to put his knees down because he was snoring and the Defendant put his hands on **CC's** knees and pushed downwards. That the Defendant also gave him a red pill that the Defendant told him was an "energy pill".

    4.    That the evidence proffered in paragraphs 3a-e above are offered as to the issues of the Defendant's identity, motive, *modus operandi*, method, plan, opportunity, intent, knowledge and state of mind in the charged offenses herein as argued in the Government's Memorandum of Law and Argument.

Respectfully submitted,

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY


By:   s/Kirk D. Schoenbein
      Kirk D. Schoenbein
      Assistant United States Attorney
      211 Fulton Street, Suite 400
      Peoria, Illinois 61602
      Tel: 309-671-7163
      Fax: 309-671-7259
      E-mail: kirk.schoenbein@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2008, I filed the foregoing notice with the Clerk of the Court using the CM/ECF system, which will cause a notice and a copy of the foregoing to be sent to: Karl Bryning, Assistant Federal Public Defender.

                                             s/ Kim Ritthaler
                                             Legal Assistant