IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-10119 |
| ) | |
| JAMES LOVE, ) | |
| ) | |
| Defendant. ) | |

*MEMORANDUM OF LAW AND ARGUMENT IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE: TO ADMIT EVIDENCE PURSUANT TO FED. R. EVID. 404(b)*

NOW COMES the United States of America through its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Kirk D. Schoenbein, Assistant United States Attorney, and hereby files this Memorandum of Law and Argument in support of the Governments's Motion *In Limine*: To Admit Evidence Pursuant to Fed. R. Evid. 404(b):

*I. The Seventh Circuit Admissibility Test For Rule 404(b) Evidence:*

Before "other acts" evidence can be introduced under Fed. R. Evid. 404(b), the Seventh Circuit requires that four criteria be satisfied:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

United States v. Sebolt, 460 F.3d 910, 916 (7th Cir. 2006)(citation omitted). With this test as the analytical framework, an evaluation of the Government's Rule 404(b) Motion *In Limine* to admit evidence of the Defendant's uncharged conduct can proceed by applying the admissibility test to the specific facts of this case.

*II. The Similarity Of The Proffered Uncharged Acts To The Charged Offenses.*

Analytically, it is more expedient to consider the second prong of the 404(b) test to determine the degree of similarity between the uncharged conduct and the charged offenses and then evaluate the significance of that similarity to the issues in the case under the first prong. To appreciate the degree of similarity in this case, it is helpful to arrange and view the facts in a chart format:

|  | **DV(Ct.1)** | **JW (Ct.2)** | **KF** | **EK** | **XM** | **KS** | **CC** |
|---|---|---|---|---|---|---|---|
| **Victim Profile:** | M-15 | M-15 | M-14 | M-12 | M-15 | M-15 | M-15 |
| **Defend. Relation.:** | Mentor | Coach | Coach | Mentor | Mentor/Coach | Coach | Coach |
| **Incident Location:** | Def. house | Def. house | Def. house | Def. house | Def. house | Def. house | Def. house |
| **Incident Date:** | 4/07 | 4/07 | 1/06-4/07 | 5/2/07 | 4/07 | 4/27/07 | 4/07 |
| **Incident Time:** | Night | Night | Night | Night | Night | Night | Night |
| **Victim Location:** | Basement | Basement | Basement | Basement | Basement | Basement | Basement |
| **Pills Given:** | Yes | No | Yes | Yes | Yes | Yes | Yes |
| **Touching Involved:** | Yes | No | No | Yes | Yes | Yes | Yes |
| **Photos Taken.:** | Yes | Yes | Yes | Yes | No | No | No |

With the number, type and degree of similarity between the charged offenses and the proffered "other acts" established, the analysis can now proceed to determining the relevance of these similarities to the issues that will be litigated in the trial of this case.

### III. The Proffered Uncharged Acts Establish Several Distinct Matters At Issue In The Trial Of This Cause.

*A. Defendant's identity as the perpetrator by proof of his peculiar motive:*

This case is a classic "who dunnit" in that the identity of the person who took the pornographic photographs of the victims is contested and is not the subject of direct proof such as a confession or eyewitness testimony. Consequently, the identity of the Defendant as the photographer must be established beyond a reasonable doubt by circumstantial evidence.

Because people act in accordance with their desires, a desire or a motive to commit a particular crime, while not an element of the offense that must be proven, is nonetheless a fact that serves to identify the guilty party by separating them from those who do not share that motive. This is especially true when, unlike common motives such as greed or anger, the motive of whoever committed the charged offense is very unusual and the proffered evidence demonstrates that the charged defendant possesses that very same specific and unique desire.

Recognizing the explanatory power of a highly unusual motive, the Seventh Circuit upheld the introduction of evidence of a defendant's addiction to Demerol and of her falsified drugs tests to prove that she, of all the nurses who had access to the Demerol, had the motive to take it out of the syringes and replace it with saline solution. United States v. Cunningham, 103 F.3d 553 (7th Cir. 1996). Of particular significance to this case is the Cunningham Court's illustration of the probative value of an abnormal or peculiar motive:

> Sex crimes provide a particularly clear example. Most people do not have a taste for sexually molesting children. As between two suspected molesters, then, only one of whom has a history of such molestation, the history establishes a motive that enables the suspects to be distinguished ... this case is like *Moreno*, where the defendant's sexual fetish supplied the motive for stealing women's underwear...

103 F.3d at 556-57 (citing People v. Mareno, 61 Cal. App.3d 688, 693-94, 132 Cal.Rptr. 569 (1976).

Although Cunningham cited the sexual attraction to children as an illustration of its analogical reasoning to sustain the admissibility of 404(b) evidence in a consumer products tampering prosecution, the Seventh Circuit recently applied the case to specifically uphold the introduction of evidence of a defendant's abnormal sexual attraction to prove that he had a motive to commit the charged child pornography offense. In sustaining the 404(b) admissibility of precisely the same evidence that the Government is seeking to introduce in this case, the Seventh Circuit stated that:

> Prior instances of sexual misconduct with a child may establish a defendant's sexual interest in children and thereby serve as evidence of the defendant's motive to commit a charged offense involving the sexual exploitation of children. (Citation omitted). We accept the government's argument that the evidence of [defendant's] prior molestation of his young male relative was admissible for the permitted purposes of proving motive and identity.

United States v. Sebolt, 460 F.3d 910,917 (7th Cir. 2006); See Also, United States v. Street, 531 F. 3d 703 (8th Cir. 2008)(Evidence of the defendant's uncharged possession of photographs of another minor admissible as motive with respect to the possession of the charged child pornography of another minor.). That the proffered evidence consisted of "prior" acts in Sebolt does not suggest that subsequent acts are precluded under Rule 404(b), since admissibility extends equally to prior and subsequent acts as long as they otherwise meet the admissibility test. United States v. Anifowoshe, 307 F.3d 643, 646-47 (7th Cir. 2002)("[B]y its very terms, 404(b) does not distinguish between prior and subsequent acts.")(quoting United States v. Betts, 16 F.3d 748,757 (7th Cir. 1994).

The introduction of a defendant's abnormal sexual attraction under Rule 4049(b)has also been upheld in prosecutions other than child pornography cases. In United States v. Brand, the Second Circuit upheld the introduction of the defendant's uncharged possession of child

pornography to prove his motive to travel in interstate commerce to meet with and to have sex with a minor in violation of 18 U.S.C. Section 2423(b).  467 F.3d 179 (2d Cir. 2006).  In reasoning that has a persuasive application to this case, the <u>Brand</u> Court stated that:

> The child pornography found on Brand's computer certainly suggests ... an abnormal sexual attraction by Brand. Brand's abnormal sexual attraction encompassed not only possession of child pornography but the desire to meet a young girl for a sexual encounter; the same urge that Brand satisfied by obtaining child erotica also inclined Brand to commit sexual crimes against children. We believe this abnormal sexual attraction to children establishes the similarity or connection required to show relevance.

467 F.3d at 198.

The proffered 404(b) evidence in this case establishes that Defendant has that rare and unusual sexual disposition towards minor, male victims and that this disposition serves to single him out as the person who took the photographs of the charged victims.  Without this evidence, the jury will naturally assume that the Defendant, a married man and father who is also a minister, mentor, substitute teacher and coach, has a normal sexual disposition and therefore had no reason or desire to have taken these photographs even if he had the opportunity.  Indeed, absent this proffered evidence, the default conclusion of the jurors in this case will be that the Defendant specifically does not have the desire that you must have to have taken these photographs and that therefore he could not have committed these offenses. Without this motive evidence, a fictitious James Love will be presented to those who are called upon to determine the facts in this case; a James Love who only has pure motives for involving himself in the lives of these teenaged boys.  To honor the truth-seeking goal of this trial, it is imperative that the James Love who stands trial is not a sanitized, dressed-up and made-up James Love, but the real James Love, the James Love with a sexual compulsion and drive for teenaged boys that gave him the powerful motive to take pornographic photos of teenaged boys

5

sleeping over at his house.

***B. Defendant's identity as the perpetrator by proof of his pattern and modus operandi:***

The Defendant comes into the lives of seven teenaged boys from single-parent homes as their coach or mentor. He takes them to movies, water parks, restaurants, sporting events and malls. He buys them bikes, clothing and shoes. He invites each of them to spend the night at his house at 1214 S. Barker in Bloomington, Illinois during the month of April of 2007 or reasonably contemporaneous to that time. The Defendant gives six of the seven boys pills that he describes as "energy pills" or "vitamins". After taking them, some of the boys experience the feeling of becoming tired. During a search of the Defendant's home, pink colored Benadryl pills that can cause drowsiness are recovered. In the middle of the night, the two victims of the charged offenses are victimized by someone who exposes and photographs their sex organs. Five of the boys in this set of seven, including one of the charged victims (DV), wake up during the night to the Defendant touching them in a sexual manner. As an excuse when they stir to his touching, the Defendant tells four of the boys, including one of the charged victims (DV), that they are snoring. Photographs are taken of both charged victims (DV and JE) and one uncharged victim (KF) while they are asleep in the Defendant's basement, and another uncharged victim (EK) had his exposed buttocks photographed by the Defendant as he was lying on the futon although no photos were recovered.

These similarities betray the Defendant's distinct pattern of conduct that reveals him to be the mystery photographer who produced the child pornography in this case. That the Government's evidence cannot confirm that the Defendant in fact photographed all of the uncharged boys does not detract from the *modus operandi* theory since it can just as well mean that he had not yet progressed to that stage in his exploitation of those boys who were not

photographed. By definition, similar acts are not the same acts, there must be differences.

In sustaining the 404(b) admission of a prior attempt to have sex with a 17 year old girl as evidence of a defendant's *modus opernadi* in his charged offense of enticing a 14 year old girl to have sex with him, the Ninth Circuit held that, despite the difference in ages of the victims and the fact that the prior incident did not result in actual sexual relations like the charged incident did, "the prior incident was highly probative of [the defendant's] *modus operandi* with respect to the present act." United States v. Dhingra, 371 F.3d 557, 566 (9th Cir. 2004). Likewise, in this case, despite the absence of photographs for some of the uncharged victims, the Defendant nonetheless engaged in a pattern of sexual conduct with each of them that tends to prove that DV and JE were the victims of this same method of sexual exploitation. See Also United States v. Cherer, 513 F.3d 1150 (9th Cir. 2008)(Upholding the 404(b) admission of the defendant's prior conviction of enticing a minor to prove his *modus operandi* in his attempt enticement prosecution.).

In another Ninth Circuit case, United States v. Long, the facts which warranted the 404(b) admissibility of uncharged incidents on the issues of the defendant's *modus operandi* and intent are particularly compelling. 328 F.3d 655 (9th Cir. 2003). In setting out the background of the case, the Long Court wrote that:

> The evidence at trial revealed that Long, a Baptist minister and substitute teacher, became acquainted through those positions with a number of minor boys between thirteen and sixteen years of age. Six of the boys were the victims underlying the charges in the indictment. According to the six boys, Long engaged in a pattern of conduct that resulted in sexual conduct with them, often taking sexually explicit pictures. In addition to the six boys, the government also called two non-minor
> males, "FM" and "AG", ages sixteen and nineteen at the time of their interaction with Long, who testified that Long had engaged in similar patterns pf conduct resulting in sexual activity with them and had taken sexually explicit photographs.

328 F.3d at 659. Ultimately, the Long Court upheld the 404(b) admission of the defendant's

conduct with the two uncharged males as proof of the defendant's intent and *modus operandi* with regard to the six charged boys, and in doing so the Court reasoned as follows:

> The testimony of FM and AG was relevant to show Long engaged in a "pattern of operation," (Citation omitted), that lends credence to the minors' assertions that in their cases as well the seemingly innocent behavior culminated in sexual contact. The manner in which Long developed a relationship with the minor boys was strikingly similar to the way in which he ingratiated himself to FM and AG.

United States v. Long, 328 F.3d at 661. The Defendant's pattern of conduct and method of operation in this case consisting of ingratiating himself to seven boys in order to sexually use them is at least as compelling, if not more so, as it was in the Long case.

*C. Defendant's opportunity:*

In addition to having the motive to commit the offenses herein, whoever the true perpetrator is, they obviously also had the opportunity to commit the offenses. Opportunity to commit the offense is one of the specified purposes for Rule 404(b) evidence and with regard to the production of child pornography, opportunity speaks to the temporal, spatial and technological opportunity to commit the offense. Fed. R. Evid. 404(b). Thus, whoever took the photographs of the two charged victims in this case, must have had access to them both in time and space, and he must also have had the technological capability to take the photographs.

In this case, both of the charged offenses are alleged to have occurred in April of 2007 in the Defendant's home where all of the proffered uncharged incidents also occurred, with four of them occurring in the same month as the charged offenses. That the Defendant is the one who is hosting all of these kids at his house during this time frame and is interacting with each of them in some way at night demonstrates that he had the opportunity to commit the charged offenses. United States v. Street, 531 F.3d at 709 (Evidence that defendant took sexually explicit photo of another minor other than the alleged victim "demonstrated opportunity".).

8

Moreover, with respect to the uncharged victim, KF, he was photographed with the same camera used to photograph the charged victims while he was lying on the same futon, in the same room, in the same house that the charged victims were victimized in. Although the most specific time frame for KF's photographs is sometime from January 6, 2006 through to April of 2007, his photographs nonetheless link that camera to that house and to this Defendant. In summary, the proffered evidence shows that whenever a teenaged boy stayed over at the Defendant house and that teenaged boy was sexually photographed or touched at night while lying on the futon in the basement, the Defendant was in that house that particular night.

### D. *Defendant's intent and knowledge:*

The Defendant is charged herein with two counts of Production of Child Pornography under Title 18 United States Code Section 2251(a) which requires that the Defendant be proven to have employed or used a minor to engage in "any explicit conduct <u>for the purpose</u> of producing any visual depiction of such conduct." 18 U.S.C. Section 2251(a)(emphasis added). The emphasized language requires that the Government prove that the Defendant had the intent to produce visual depictions of the minors' sexually explicit conduct.

Furthermore, "sexually explicit conduct" as used in this case is defined as "the lascivious exhibition of the genitals or pubic area" of the alleged victims. 18 U.S.C. Section 2256(2)(A)(v). In evaluating whether the visual depictions in this case constitute "the lascivious exhibition of the genitals or pubic area", the jury will be instructed as to a list of factors which they are to consider including "whether the visual depiction is intended or designed to elicit a sexual response from the viewer." Eleventh Circuit Pattern Jury Instructions: Offense Instructions 75.1 - 75.4. Accordingly, in addition to having to prove that the Defendant was the one who took these photos, the Government must also prove his state of mind, his knowledge, his purpose,

9

his desires, his design and his intent when he took them.

In approving the admission of 404(b) evidence of a defendant's uncharged sexual molestation of a minor boy in a child pornography prosecution, the Seventh Circuit specifically noted the Government's burden with respect to the defendant's state of mind:

> The government bore the burden of proving that the photos were "lascivious exhibition of the genitals" in violation of 18 U.S.C. Sec. 2256(2)(A)(v). The instructions that the judge gave to the jury on how to determine whether the nude photos meet that standard included, as one example, "whether the picture or image is intended or designed to elicit a sexual response in the viewer."

United States v. Burt, 495 F.3d 733, 741 (7th Cir. 2007). After citing the prosecution's burden with regard to the defendant's state of mind in taking the photographs, the Court held that the uncharged molestation of the boy was admissible under Rule 404(b) on the issues of motive, intent and plan because the molestation occurred "during the period when the photos in question were being taken" and because "the molestation happened ... in the same rooms of the house where the photography sessions were conducted." id.  In this case, the Defendant acted out sexually towards five teenaged boys in the very same house, in the very same room and on the very same futon where the two charged teenaged boys were photographed, and it all took place during the same time frame.   As in the Burt case, the Defendant's contemporaneous and similar uncharged molestation and photographing conduct towards teenaged boys should be introduced to prove his state of mind with regard to his conduct with the charged victims.

*E. Admissibility is not absolutely dependent upon Defendant's defense:*

Although the particular defense that is asserted in a case is relevant to a 404(b) analysis, admissibility is not absolutely dependent or contingent upon the nature of the defense. For instance, if the Defendant at trial merely asserts that he did not take the pornographic photos in this case the Government should not be foreclosed from offering the evidence to establish his

intent in taking the photographs as well as his identity since the Defendant's intent remains an element that must be proven. When an appellate court held that evidence of a child's prior physical abuse should not have been admitted to prove the absence of mistake or accident because the defendant was not asserting state of mind defense such as accident but a general denial, the United States Supreme Court reversed and held that:

> [T]he prosecution's burden to prove every element of the crime is not relieved by a defendant's tactical decision not to contest an essential element of the offense ... The evidence of battered child syndrome was relevant to show intent, and nothing in the Due Process Clause of the Fourteenth Amendment requires the State to refrain from introducing relevant evidence simply because the defense chooses not to contest the point.

Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 481 (1991). Furthermore, in evaluating a Rule 404(b) proffer, a court must appreciate that theories of what did or did not happen not only originate from defendants but they also arise out of the speculations and deliberations of the jurors themselves. By bearing the burden of proof, the Government must not only contend with the Defendant's theories but also any theory that any one juror may form during the trial or during deliberations. Therefore, no matter what strategy the Defendant uses at trial in this case, the Government, having been put to the burden of proof by the Defendant's not guilty plea, should be permitted to prove the all of the essential offense elements in its case in chief.

### IV. The Proffered Evidence is Sufficient For The Jury To Find That The Defendant Committed The Similar Conduct.

With respect to the third criteria of the 404(b) admissibility analysis, the Seventh Circuit has held that eyewitness testimony as to the proffered conduct is sufficient for a jury to "reasonably conclude that the act occurred and the defendant was the actor." United Stated v. Long, 86 F.3d 81, 85 (7th Cir. 1996)(quoting Huddleston v. United States, 485 U.S. 681 (1988) ); See also United States v. Dhingra, 371 F.3d at 566 ("[T]he testimony of a single witness ...

satisfies the low-threshold test of sufficient evidence for the purposes of Rule 404(b).")(citations omitted).  In each of the proffered uncharged incidents, the respective teenaged victims will testify as to their experience along with corroborating testimony from their parents or guardians. In the case of EK, the Government will also present the proffered DNA evidence and with respect to KF the Government will also introduce the two photographs taken of him in the Defendant's house with the same camera used to take the charged photographs. Finally, the People will introduce the pills recovered from the Defendant's home which KS and XM identified as the same that the Defendant gave them. This proffered evidence is more than enough to meet the threshold requirement for sufficiency of criteria three in the Rule 404(b) analysis.

### V. The Probative Value Of The Proffered Evidence is Not Substantially Outweighed By The Danger of Unfair Prejudice.

The final Rule 404(b) requirement calls for a Rule 403 balancing of probative value of the proffered evidence versus the danger of unfair prejudice from its introduction. To properly conduct the balancing test it is imperative that the operative standards be kept in mind. First, since there is a spectrum of degrees of probative value, each case must be evaluated to determine the degree of probative value that the proffered evidence has in the particular case. Second, the concept of prejudice in this balancing test carries with it the sense of <u>unfair</u> prejudice and not a generic sense of prejudice which would encompass all incriminating evidence against a defendant. Finally, preclusion of the evidence is not warranted even if the probative value is equal to or even slightly outweighed by the unfair prejudice. Preclusion is appropriate only when the <u>unfair</u> prejudice <u>substantially</u> outweighs the probative value.

As the degree of probative value is balanced against the danger of unfair prejudice it is

critical to consider the theoretical underpinnings of the prior-acts evidentiary bar. Ultimately, it is the attempt to prove guilt of a <u>specific crime</u> through the admission of evidence of a defendant's <u>propensity to commit crimes in general</u> that is at the heart of the evidentiary prohibition. Attempting to prove the Defendant's identity or intent in the instant offenses through evidence that he has committed thefts, forgeries, burglaries, or that he has driven drunk, gambled or beat up people would be the type of <u>unfairly</u> prejudicial evidence that would substantially outweigh any probative value of the other acts evidence. However, in this case the other acts evidence is not <u>general</u> criminal conduct but <u>specific</u> criminal conduct related to the same type of victim, during the same time-frame, at the same location and under the same type of circumstances. The Government is not seeking to prove the Defendant's general criminal propensity, but his specific targeting of the same victims in the same way as the charged offenses .

Turning to the instant case, the balance weighs heavily in favor of admissibility of the proffered 404(b) evidence. With regard to the probative value of the proffered evidence it is hard to imagine a more compelling probative value than evidence which tends to prove the Defendant's identity as the perpetrator by reason of his motive, method and opportunity, and the Defendant's requisite guilty state of mind. These are not tangential or peripheral matters, but they go to the heart of this case.

Conversely, although the proffered evidence is admittedly compelling, it cannot for that reason be equated with "unfairly prejudicial" evidence. As the Seventh Circuit has observed:

> As for being prejudicial, Rule 403 speaks of "unfair prejudice, confusion of the issues, or misleading the jury." There is a difference between evidence that brings unfair prejudice and evidence that is damning.

<u>United States v. Burt</u>, 495 F.3d at 740 (Uncharged sexually explicit internet chats not unfairly

13

prejudicial in child pornography prosecution.). Moreover, the Seventh Circuit has consistently recognized that limiting instructions, preferably given both at the time of admission and in the final instructions, alleviate the risk of "unfair" prejudice. United States v. Jones, 455 F.3d 800 (7th Cir. 2006).  With such limiting instructions and bearing in mind the high degree of probative value to the essential elements of the charged offenses, the Government contends that the 403 balance in this case should be struck in favor of admissibility.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        RODGER A. HEATON
        UNITED STATES ATTORNEY

By:    s/ Kirk Schoenbein
        Kirk D. Schoenbein
        Assistant United States Attorney
        211 Fulton Street, Suite 400
        Peoria, Illinois 61602
        Tel: 309-671-7163
        Fax: 309-671-7259
        E-mail: kirk.schoenbein@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2008, I filed the foregoing notice with the Clerk of the Court using the CM/ECF system, which will cause a notice and a copy of the foregoing to be sent to Karl Bryning, Assistant Federal Public Defender.

    s/ Kim Ritthaler
Legal Assistant