E-FILED
Friday, 05 September, 2008  08:47:41 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 07-10119 |
| v. | ) |
| | ) |
| JAMES C. LOVE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF GUARDIAN AD LITEM FOR J.E. IN OPPOSITION TO DISCLOSURE OF J.E.'S JUVENILE DISPOSITIONS**

The undersigned counsel, as Guardian Ad Litem for J.E., respectfully opposes disclosure of J.E.'s juvenile court dispositions, as follows:

1. Pursuant to Rule 609(d) of the Federal Rules of Evidence, the general rule is that juvenile adjudications are inadmissible.

2. The Court has discretion under 609(d) to allow evidence of a juvenile adjudication, provided two criteria are met. The first criterion is that the conviction must be of an offense which would be admissible to attack the credibility of an adult. The second criterion is that the Court must be "satisfied that admission in evidence is <u>necessary</u> for a fair determination of the issue of guilt or innocence." [Emphasis added.]

3. Plainly the first criterion would be met if J.E. (also referenced in the instant case as "J.W.") received a juvenile adjudication for a felony.

4. However, with emphasis on the second criterion under Rule 609(d), there has been no showing that any evidence of any juvenile adjudication would be "necessary" for a fair determination of the issue of guilt or innocence.

5. The presumption (as stated in the first sentence of Rule 609(d)), is that evidence of a juvenile adjudication is generally not admissible.

6. A trial setting would provide a better opportunity for the Court to make an informed finding as to whether the second criterion has been met.

7. Pursuant to 18 U.S.C. § 3509(d)(1)(A), there is a requirement of providing information concerning a child only to persons who have a "reason to know." Pursuant to 18 U.S.C. § 3509(d)(1)(B), this obligation extends to government attorneys. Here, the Court should allow the attorneys for the government not to reveal to the Defendant the juvenile adjudications of J.E. until the Court makes a determination concerning admissibility at trial under Rule 609(d).

8. If the Court does not wish to defer deciding the issue of admissibility at trial, the Court should strike a balance and order pretrial disclosure only of felonies involving dishonesty or false statement and misdemeanors involving dishonesty or false statement. It would appear to be very difficult to conclude that any other juvenile adjudication could establish the second criterion which must be met in order to warrant a departure from the general rule of inadmissibility under Rule 609(d). The phrase "dishonesty or false statement" should be interpreted in accordance with the second-from-last paragraph of the Advisory Committee Notes for the 1990 Amendments to Rule 609, including the Committee's admonition to avoid an "unduly broad view" of the term "dishonesty."

9. In conclusion, the Court should defer disclosure by the attorneys for the government until such time as the Court can meaningfully evaluate the second criterion for admissibility under Rule 609(d). In the alternative, the Court should rule that only

juvenile adjudications involving dishonesty or false statement need be revealed, without regard to whether the offenses were misdemeanors or felonies.

        Respectfully submitted,

        /s/ Daniel G. O'Day

Daniel G. O'Day
Cusack, Gilfillan & O'Day, LLC
415 Hamilton Blvd.
Peoria, Illinois 61602
(309) 637-5282

1:07-cr-10119-MMM-JAG    # 40    Page 4 of 4


**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Greggory R. Walters   Greggory.Walters@usdoj.gov, jessica.stowe@usdoj.gov

Karl W. Bryning: karl_bryning@fd.org, ereka_deatherage@fd.org, mary_Ardis@fd.org

Kirk Schoenbein, kirk.schoenbein@usdoj.gov, Kimberly.ritthaler@usdoj.gov

L Lee Smith, lsmith@hinshawlaw.com, jharbison@hinshwlaw.com

    s/Daniel G. O'Day
    Daniel G. O'Day
    415 Hamilton Blvd.
    Peoria, Illinois 61602
    Phone: (309) 637-5282
    Fax: (309) 637-5788
    Email:  doday@cfgolaw.com
        6181202